Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7044 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Cecil W. Watson vs. John E. Potter, Postmaster General of the United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)    Pretrial conference held.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the plaintiff's motion to reconsider rulings determined at a pretrial conference held before this court on June 15, 2001 is granted in part and denied in part. [Doc. #s 75,76]

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 25 2001 | |
| X | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 84 |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | | 01 SEP 24 PM 4:15 | date mailed notice |
| | | Date/time received in central Clerk's Office | | mailing deputy initials |

DOCKETED
SEP 2 5 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cecil W. Watson,<br><br>      Plaintiff,<br><br>v.<br><br>John E. Potter, Postmaster General of the United States,<br><br>      Defendant. | SEP 2 5 2001<br><br>No. 96 C 7044<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff Cecil W. Watson's ("Watson") motion for reconsideration of rulings determined at a pretrial conference held before this court on June 15, 1997. The plaintiff seeks the following: (1) to find that the burden of proof with respect to damages lies with the defendant and (2) to include at trial evidence of matters prior to August 15, 1997. For the following reasons, the plaintiffs motion is granted in part and denied in part.

### BACKGROUND

The plaintiff brought this action against the U.S. Postal Service in 1996. At that time, Watson sought the enforcement of a Final Agency Determination (FAD) by the Equal Employment Opportunity Commission (EEOC) which required the Postal Service to promote him as a remedy for racial discrimination and restore salary and benefits lost during the interim.[1]

---

[1] Despite this determination, the Postal Service failed to promote Watson. His existing position as a supervisor of customer services had been reclassified to pay grade EAS-16 before the EEOC issued its decision, and the Postal Service concluded that this was just as good as promoting him. The Postal Service gave Watson back pay, but only to the day when he began receiving pay at the EAS-16 rate. He protested to the EEOC, which initially found that he had received his due. But after an administrative appeal the Commission concluded that the record did not permit a confident decision as to whether the positions of Supervisor, Customer Services,



After a bench trial, this court directed the Postal Service to give Watson the next managerial job with a pay grade of EAS-17 that became available in its Northern Illinois District and to give Watson the benefits of an EAS-17 position until that promotion occurs. This court, however, declined to award back pay, or to determine what other benefits (including, perhaps, promotion to EAS-18) Watson would have received had he been promoted in 1990, as the EEOC determined he should have been.

Watson appealed. The Seventh Circuit determined in <u>Watson v. Henderson</u>, 222 F.3d 320 (7th Cir. 2000) that because the Postal Service agreed in 1993 to Watson's promotion with back pay and interest, he was entitled to judicial review of his contention that the Postal Service had failed to fully implement the EEOC's decision. The <u>Watson</u> Court reversed this court's decision and remanded with the following instructions

> Given our conclusion that the [plaintiff's] request [for back pay and interest] has been preserved, the district judge must determine whether Watson is entitled to additional relief, and if so to what particular relief. Only after that decision has been made will it be appropriate to decide whether the record supports the judgment.

<u>Id</u>. at 323. The plaintiff's motion to reconsider comes before this court in the context of the Seventh Circuit's remand.

## Analysis

A.  Shifting the Burden

On June 15, 2001, this court ruled that the plaintiff always has the burden of proving his damages in a case alleging discrimination. Transcript, pg. 2. The plaintiff argues that, in this

---

and Manager, Customer Services, are equivalent. The EEOC directed the Postal Service to address that question and, if the positions are not equivalent, to promote Watson and afford him "all the benefits for make-whole relief (including but not limited to back pay and interest)." After the Postal Service informed Watson that it would do nothing further for him, he filed this civil action under § 2000e-16(c), seeking enforcement of the 1993 decision.

case, the defendant actually bears the burden of proving "no injury" by a standard of clear and convincing evidence. This court agrees in part.

In <u>International Brotherhood of Teamsters v. United States</u>, 431 U.S. 324 (1977), the Supreme Court held that, in the case of statutory and constitutional torts of employment discrimination, the burden of proof on the issue of injury rests with the employer, the defendant, rather than on the employee, the plaintiff. <u>Id</u>. at 359, 362 (citing <u>Franks v. Bowman Transportation Co.</u>, 424 U.S. 747, 772-73 (1996)). The Seventh Circuit explicitly adopted this principle in <u>Doll v. Brown</u>, 75 F.3d 1200 (1996). In <u>Doll</u>, a federal employee brought an action under the Rehabilitation Act alleging that he was discriminated against on the basis of his medical condition. The district court concluded that the Department had violated the Rehabilitation Act, and he ordered the Department to reinstate Doll as an electrician, to pay him $61,508 in back pay and to consider Doll for promotion to electrician foreman when the next became vacant. On appeal by the employer, the Seventh Circuit held that an employer who seeks to prove that there was no injury due to employment discrimination must do so by clear and convincing evidence. The <u>Doll</u> Court reversed the district court's award of back pay and remanded the case for further consideration of the issue consistent with the Court's opinion.

The plaintiff argues that the present case is similar to the "no-injury" case in <u>Doll</u> and therefore the burden is on the Postal Service to prove by clear and convincing evidence that Watson is not entitled to additional damages in the form of back pay or interest. The United States contends that Doll does not stand for the proposition that the burden of proving damages shifts form the employee to the employer, but rather, the case holds that, under certain limited circumstances, not applicable in the present case, the burden of establishing the existence of an injury can shift from the employee to the employer.

In this court's view, the defendant's interpretation appears untenable given the <u>Doll</u> Court's recognition that the employer's liability under the Rehabilitation Act had already been established and that only injury with respect to damages was at issue. <u>Doll</u> at 1203. This court agrees with the plaintiff that <u>Doll</u> stands for the proposition that where an employer, including the federal government, maintains that there has not been an injury as a result of discrimination, the burden of proof is on the employer to prove this contention by clear and convincing evidence. <u>Id</u>. at 1203.

The facts in the present case, however, are distinguishable from those in <u>Doll</u>. In this case, unlike the plaintiff in <u>Doll</u>, Watson received some amount of back pay as a result of his original EEOC complaint. Consequently, the government's contention is not that the plaintiff did not suffer injury, but rather, that the plaintiff has been "made whole" by that which he already received. Since this distinction has not been addressed by any Circuit, this court must ascertain what it can from the Seventh Circuit's decision in <u>Doll</u>. While the Court in <u>Doll</u> reversed the district court's judgment with respect to back pay, the Court affirmed the district court's judgment in all other respects. <u>Id</u>. at 1207. Consequently, the Seventh Circuit determined that Doll, although compensated for the discrimination he suffered, had not been "made whole," given the standard under which such a determination had been made and therefore remand the case back to district court. Similarly in this case, although Watson has received some amount of back pay, this court has been directed to examine whether or not he has been "made whole" by the damages he received. And as the district court to which the case was remanded in <u>Doll</u>, this court must examine such an issue under the standards provided by the Seventh Circuit.

This court reads <u>Doll</u> as holding that where a plaintiff in a discrimination case establishes liability, injury is presumed unless the defendant establishes that, under the facts of the particular

case, there was no injury. But, what does that mean? Apparently, Watson takes the position that if the defendant fails to carry its burden on the issue of injury, then the plaintiff gets, by way of relief, whatever he claims. That is not the holding of Doll or any other case.

The plaintiff must establish, nonetheless, the amount of damages (in the form of lost salary and benefits) to which he is entitled. Fleming v. County of Kane, 898 F.2d 553, 560 (7th Cir.1990); Taylor v. Philips Indus., Inc., 593 F.2d 783, 787 (7th Cir.1979). Stated differently, where a defendant asserts (by way of an affirmative defense or otherwise) that a plaintiff is entitled to no relief (or only normal relief) because there was no injury, the defendant bears the burden on that issue. The burden of establishing the amount of the plaintiff's injuries, always rests upon the plaintiff.

B. Exclusion of All Evidence Prior to August 15, 1997

The plaintiff argues that, since in the 1997 hearing this court excluded evidence which was relevant and probative to whether he should receive back pay, benefits and promotion, he should be afforded the opportunity to present such evidence during the new hearing, scheduled for September 24, 2001. Watson's counsel also contends that because his client, a non-lawyer, was unrepresented at the original trial, he should be allowed to re-open the record. As to this latter contention, this court has already noted that Watson's skills and intelligence rendered his lack of counsel irrelevant. The defendant contends that Watson has not provided sufficient evidence or argument to warrant reopening the trial record.

Watson's counsel would like to re-open the record and submit evidence of transactions prior to August 15, 1997. This court has previously refused to so on the ground that Watson had ample opportunity to present all evidence in support of his claims during the 1997 hearing. Much of the briefing concerning the current motions is argument over whether certain comments

by this court excluded Watson from presenting further evidence in support of his back pay claim. The court's comments were made during Watson's direct examination and while Watson was not told that he could not testify about certain matters, it is possible that he may have refrained from discussing (in his direct) certain matters. For that reason, during the proceedings, commencing September 24, 2001, Watson will be allowed to testify as to matters predating August 15, 1997 that relate to his claims. Watson has not pointed to any ruling or order of this court that precluded him from presenting documentary or other evidence in 1997, beyond his own testimony, and therefore the exclusion remains. The only justification for going into other matters not presented in the 1997 proceeding is that Watson was without counsel during that time. His decision to proceed without counsel was voluntary and his lack of representation did not effect the quality of the presentation.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to reconsider rulings determined at a pretrial conference held before this court on June 15, 2001 is granted in part and denied in part.

Enter:

_____

**David H. Coar**

**United States District Judge**

Dated: September 20, 2001